758 F.2d 653
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
WILLIAM NEWSOM, PETITIONER,
v.
BETH ELKHORN CORPORATION; DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF
LABOR, RESPONDENTS.
 NO. 84-3127
 United States Court of Appeals, Sixth Circuit.
 2/12/85
 
 ON PETITION FOR REVIEW OF AN ORDER OF THE BENEFITS REVIEW BOARD
 Before: MARTIN and KRUPANSKY, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 William Newsom petitions for review of a decision of the Benefits Review Board, United States Department of Labor, denying him benefits pursuant to the Black Lung Benefits Act, 30 U.S.C. Secs. 901-945. Newsom is presently seventy years old and worked as a miner from 1941 until 1976. All of Newsom's coal mine employment was with the respondent, Beth Elkhorn Corporation. Mr. Newsom is presently retired, is married, but has no dependent children.
 
 
 2
 The administrative law judge who considered Newsom's case found that Newson was entitled to invoke the rebuttable presumption of total disability due to pneumoconiosis, 20 C.F.R. Sec. 727.203(a)(1), because of X-rays showing that Newsome had simple pneumoconiosis. The administrative law judge found, however, that the presumption was rebutted pursuant to 20 C.F.R. Sec. 727.203(b)(2) by a reasoned medical opinion and other relevant medical evidence.
 
 
 3
 Both parties agree that the administrative law judge properly invoked the presumption of 20 C.F.R. Sec. 727.203(a)(1). Both parties also apparently agree that the administrative law judge properly used the medical evidence to rebut the presumption under 20 C.F.R. Sec. 727.203(b)(2). Mr. Newsom, however, argues that the Beth Elkhorn Corporation must not only present medical evidence under 20 C.F.R. Sec. 727.203(b)(2), but must also present vocational evidence that jobs were actually available.
 
 
 4
 20 C.F.R. Sec. 727.203(b)(2) actually has two prongs of rebuttal. The employer can rebut the interim presumption either by showing the claimant can do his usual coal mine work or by showing that he can perform comparable and gainful work. This Court has recently held that vocational evidence need not be presented to show that a claimant can perform his usual coal mine work. Ramey v. Kentland Elkhorn Coal Corp., No. 84-3063 (6th Cir. ---- ----, 1984). This Court has also recently held that vocational evidence must be submitted if the employer is attempting to show that a claimant can perform comparable and gainful work. Shamrock Coal Co. v. Lee, No. 84-3043, ---- F.2d ---- (6th Cir. Jan. 4, 1984). Thus, if the administrative law judge found that Newsom could perform his usual coal mine work, his judgment must be upheld. If he found, however, that Newsom could do comparable or gainful work, we would have to reverse his decision for the presentation of vocational evidence.
 
 
 5
 Based on our review of the record, we find that the administrative law judge found that Newsom could perform his usual coal mine work. Although the administrative law judge cited all of 20 C.F.R. Sec. 727.203(b)(2) in finding that the presumption was rebutted, the overall import of the decision is that Newsom had no pulmonary impairment and could do coal mine work. The Benefits Review Board clearly thought this was the administrative law judge's holding, for in affirming his decision, the Board only discussed whether the claimant could do his usual coal mine work. Because the administrative law judge on the first prong of 20 C.F.R. Sec. 727.203(b)(2), no vocational evidence was required for rebuttal.
 
 
 6
 The decision of the Benefits Review Board is therefore affirmed.